UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

STONE INTERIORS, INC., d/b/a PRP USA, )
)
      Plaintiff, )
)
v. ) Case No. 08 CV 1158
)
CUSTOM INTERIORS, LLC, )
)
MICHAEL ZAMPIERI IV, )

and HARD ROCK ENTERPRISES, LLC

      Defendants.

## AFFIDAVIT

I, SIVA REDDY, duly sworn upon oath, state and declare as follows:

1. I am the President of Stone Interiors, Inc. d/b/a PRP USA ("Stone Interiors").

2. I make this declaration upon personal knowledge and, if called and sworn as a witness, I could and would competently testify hereto. Further, I make this declaration on behalf of Stone Interiors as its corporate representative.

## CUSTOM INTERIORS

3. In October and November 2006, Stone Interiors and Custom Interiors LLC ("Custom Interiors") entered into an Agreement (the "Agreement") whereby Custom Interiors would purchase, and Stone Interiors would deliver, marble and granite slabs from Stone Interiors. The terms of the Agreement are found in the invoices sent by Stone Interiors to Custom Interiors on October 10, October 16 and November 30, 2006. Copies of these invoices are attached to the First Amended Complaint as Exhibits A-C.

4. Pursuant to the Agreement, Stone Interiors issued an invoice to Custom Interiors following Custom Interior's order for marble and/or granite slabs.

CH1 11535993.1

5. The invoice(s) stated the materials, quantity, price and total amount of Custom Interior's order and that Stone Interiors would ship the marble and/or granite slabs to Custom Interiors along with the invoice.

6. The invoices also stated that payment for the marble and/or granite slabs is due within 90 days of the bill of lading.

7. Thus, under the express terms of the Agreement, Custom Interiors agreed to pay for all materials provided by Stone Interiors within 90 days of the bill of lading.

8. Stone Interiors and Custom Interiors further agreed that Custom Interiors would be charged interest at the rate of 12 percent per annum for any invoice that was not paid within 90 days of the bill of lading.

9. Finally, the parties agreed that the prevailing party in any dispute arising out of the Agreements "shall be able to recover reasonable attorney and other charges" from the non-prevailing party.

10. Pursuant to the Agreement, on October 10, 2006, Stone Interiors issued an invoice to Custom Interiors with a Bill of Lading date of October 10, 2006. The invoice amount was for $12,335.41 worth of material.

11. Pursuant to the Agreement, on October 16, 2006, Stone Interiors issued six invoices to Custom Interiors with a Bill of Lading date of October 16, 2006. The total invoice amount was for $122,715.62 worth of material.

12. Pursuant to the Agreement, on November 30, 2006, Stone Interiors issued an invoice to Custom Interiors with a Bill of Lading date of November 30, 2006. The invoice amount was for $19,982.20 worth of material.

CH1 11535993.1

13. Thus, in accordance with the Agreement, Stone Interiors provided Custom Interiors with $155,033.23 worth of marble and granite in October and November 2006 and payment for the marble and granite was due no later than March 1, 2007.

14. Custom Interiors, however, only paid $30,000.00 for the material Stone Interiors supplied Custom Interiors and, as such, has failed to pay the remaining $125,033.23 it owes Stone Interiors.

15. Additionally, pursuant to the Agreement, interest at the rate of 12 percent per annum is to be applied to all sums that are overdue on each invoice.

16. The total amount of interest due under the Agreement, as of August 6, 2008, is $19,004.98.

17. In addition, Stone Interiors has incurred approximately $12,947.50 in legal fees.

18. Thus, as of August 6, 2008, the total amount due and owing to Stone Interiors is $156,985.71.

## HARD ROCK

19. Upon information and belief, Hard Rock is owned and operated by the same individuals as Custom Interiors, and in fact, shares the same office location.

20. On October 10, October 16 and on November 30 of 2007, individuals operating both Custom Interiors and Hard Rock told me that Stone Interiors delivery of certain shipments of marble and granite slabs was for both Hard Rock and Custom Interiors.

21. The marble and granite slabs were delivered to Hard Rock with the promise and expectation that Stone Interiors would be compensated by Hard Rock for their fair value.

CH1 11535993.1

22. Stone Interiors has not received any payment from Hard Rock for the marble and granite slabs Stone Interiors provided Hard Rock.

23. Thus, Hard Rock has retained the benefits of these goods without compensation to Stone Interiors and to Stone Interiors' detriment.

24. To allow Hard Rock to retain the benefit of Stone Interiors' goods violates the fundamental principles of justice, equity and good conscience.

25. The value of the goods received by Hard Rock is $125,033.23.

26. I have personal knowledge of the contents of this Affidavit.

FURTHER AFFIANT SAYETH NAUGHT

_____
Siva Reddy

## **VERIFICATION**

I, SIVA REDDY, on behalf of STONE INTERIORS and pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that the statements made in the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief.

_____
SIVA REDDY on behalf of
Stone Interiors, Inc. d/b/a PRP USA

Executed on this 12th day of August, 2008.

## CERTIFICATE OF SERVICE

I, J. Scott Humphrey, an attorney, certify that I caused a true and correct copy of the foregoing Affidavit of Siva Reddy to be served upon:

>Mr. Mike Zampieri
>Custom Interiors
>8255 Wards Lane
>Semmes, Alabama  36575
>
>Ms. Sharon K. Beck
>Hard Rock Enterprises LLC
>10023 Lifeline Court
>Mobile, Alabama  36608

by placing in a properly addressed, postage prepaid envelope and deposited in the U.S. Mail at 131 S. Dearborn Street, Chicago, Illinois this 20th day of August, 2008.

_____ s/J. Scott Humphrey _____